IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Rhett G. DePew,                              :

                    Plaintiff        :    Civil Action 2:12-cv-0250

        v.                             :    Judge Marbley

Dr. Gary Krisher, *et al.*,          :    Magistrate Judge

                    Defendants    :


**REPORT AND RECOMMENDATION**

Plaintiff Rhett G. DePew, an inmate at Ross Correctional Institution, brings this

prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate

Judge for a Report and Recommendation on initial screening of the complaint pursuant

to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims,

---

[1]The full text of §1915A reads:

> (a) Screening.--The court shall review, before dock-
> eting, if feasible or, in any event, as soon as practicable after
> docketing, a complaint in a civil action in which a prisoner
> seeks redress from a governmental entity or officer or
> employee of a governmental entity.

> (b) Grounds for Dismissal.--On review the court shall
> identify cognizable claims or dismiss the complaint, or any
> portion of the complaint, if the complaint--

>> (1) is frivolous, malicious, or fails to state a
>> claim upon which relief may be granted; or

>> (2) seeks monetary relief from a defendant who

and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted against defendants Lisa Bethel, Timothy Buchanan, Andrew Eddy, Robert Whitten, and John R. Kasich and therefore **RECOMMENDS** that they be dismissed from this lawsuit. The Magistrate Judge **FURTHER RECOMMENDS** that the lawsuit proceed as to plaintiff's claims against defendant Dr. Gary Krisher.

The complaint alleges that plaintiff Rhett G. DePew, who is 58 years old, has injuries to his left knee and right shoulder that have not been treated. He also suffers from cellulitis but has not been provided appropriate treatment. DePew's left knee requires corrective surgery. It pops out from time to time. He cannot get reconstructive surgery because the injury to his knee is not life threatening. Similarly, he has a rotator cuff tear in his right shoulder that requires surgery. No surgery has been performed because the injury is not life threatening. Because of the injuries to his left knee and right shoulder, he cannot safely use a top bunk, but his bottom bunk restriction has

---

is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

been taken away. Plaintiff wants to receive appropriate medical care for these conditions before State budget cuts further reduce spending for prison medical care. Named as defendants are Ross Correctional Institution Chief Medical Officer Dr. Gary Krisher, Health Care Administrator Lisa Bethel, Warden Timothy Buchanan, Inspector Andrew Eddy, Inspector Robert Whitten, and Governor John R. Kasich.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93127 S.Ct. 2197 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. There is both an objective and a subjective component to a cruel and unusual punishment claim. *Scott v. Ambani,* 577 F.3d 642, 648 (6th Cir. 2009). The objective component requires a plaintiff

to demonstrate that the medical need was "serious." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.' [*Brennan v.*] *Farmer*, 511 U.S. [825], 834 [(1994)]; *Comstock* [*v. McCrary*, 273 F.3d 693], 834 [(6th Cir. 2001)."] Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Nonetheless, prison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment. Deliberate indifference may be established in cases where it can be shown that a defendant rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir.2002)(quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *see also Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998). A complaint states a claim when it alleges

that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake,* 537 F.2d at 860; *Scott v. Ambani,* 577 F.3d at 648.

The complaint alleges that plaintiff DePew's injuries to his left knee and right shoulder made it unsafe for him to climb to a top bunk, but that defendant Dr. Krisher denied him a bottom bunk restriction. On initial screening, the allegations are sufficient to state an Eighth Amendment claim against him.

Defendant Lisa Bethel is a nurse and the Health Care Administrator at the Ross Correctional Institution. On December 9, 2010 she responded to DePew's informal complaint that his bottom bunk restriction be reinstated. Bethel said that on February 10 and March 5 2010, a nurse practitioner evaluated him and denied his request. She further said that the Chief Medical Officer was the ultimate decision-maker. Bethel advised DePew to fill out a Health Service Request form to again be evaluated for a bottom bunk restriction. Doc. 2-1, PageID # 21.

On January 4, 2011, defendant Inspector Robert Whitten reviewed DePew's grievance that defendant Dr. Gary Krisher took away his bottom bunk restriction. Whitten consulted Dr. Krishner, who said that he had been evaluated for a bottom bunk restriction on March 5, 2010. At that time, DePew had no problem getting in and out of a chair. His knees had a full range of motion with no edema. X-rays showed some arthritis in the knee. Dr. Krishner advised that DePew could request a full examination

to be further considered for a bottom bunk restriction. Doc. 2-1, PageID # 26.

DePew appealed the resolution of his grievance to the Chief Inspector. Doc. 2-1, PageID # 29. On April 6, 2011, Assistant Chief Inspector Mona Parks affirmed the Inspector's disposition of DePew's grievance. Doc. 2-1, PageID # 33.

Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). Here defendants Bethel and Whitten responded to DePew's grievance. They took no part in making the medical decision he complains about. Consequently, the complaint fails to state a claim for relief against them.

The complaint further alleges that defendant Governor John R. Kasich "has cut our budget, while Channel 6 news reports that he gave a 40% reaise to his picked administrators." Doc. 2, PageID # 14. To establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). *Respondeat superior* is not a basis for liability. *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events. There is no liability under 42 U.S.C. §1983 for "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Here the complaint does not allege that Governor Kasich took any

action to deny DePew medical care. The fact that the Governor signed budget cuts into law, standing alone, does not demonstrate that he acted with deliberate indifference to plaintiff DePew's serious medical needs.

There are no allegations in the complaint regarding the alleged actionable conduct of defendants Warden Timothy Buchanan and Inspector Andrew Eddy. Consequently, the complaint fails to state a claim against them.

Accordingly, it is hereby **RECOMMENDED** that the defendants, Lisa Bethel, Timothy Buchanan, Andrew Eddy, Robert Whitten, and John R. Kasich be **DISMISSED** from this lawsuit because the complaint fails to state a claim under 42 U.S.C. §1983 against them. It is **FURTHER RECOMMENDED** that the lawsuit continue as to defendant Ross Correctional Institution Chief Medical Officer Dr. Gary Krisher. Defendant Krisher is ORDERED to answer or otherwise respond to the complaint within 45 days of being served with summons and complaint.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants Lisa Bethel, Timothy Buchanan, Andrew Eddy, Robert Whitten, and John R. Kasich are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).


s/Mark R. Abel
United States Magistrate Judge