IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rhett G. Depew, :

        Plaintiff : Civil Action 2:12-cv-250

  v. : Judge Marbley

Gary Krisher, *et al.*, : Magistrate Judge Abel

        Defendants. :

**ORDER**

On May 10, 2012, Plaintiff filed a document entitled "Motion for Appointment of Counsel". (Doc. 11.) He stated that he had limited legal resources at his place of incarceration, due to limited library hours and library workers.

A litigant has no constitutional right to be represented by counsel when his personal freedom is not at issue, as in this case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 26-27 (1981). The appointment of counsel in a civil case under 28 U.S.C. §1915(d) is within the sound discretion of the district court. *Kennedy v. Meachum*, 540 F.2d 1057, 1062 (10th Cir. 1976); *Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir. 1976); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). It is a privilege, not a right. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). Factors to consider are (1) whether the litigant has a colorable claim, *Hyman v. Rickman*, 446 U.S. 989, 992 (1980) (Blackmun, J., dissenting from a denial of a writ

1

of *certiorari*); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985); (2) whether he is able to adequately investigate the facts, *Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir.), *cert. denied*, 464 U.S. 986 (1983); *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981); (3) whether he lacks the capacity to represent himself, *Merritt v. Faulkner,* 697 F.2d at 765; *Gordon v. Leake*, 574 F.2d 1147, 1153 (4th Cir. 1978); (4) whether there is conflicting testimony which could best be tested by counsel, *Maclin v. Freake*, 650 F.2d at 888; and (5) the complexity of the legal issues raised. *Merritt v. Faulkner*, 697 F.2d at 765; *Maclin v. Freake*, 650 F.2d at 888-89.

The Magistrate Judge has already performed an initial screening in this action, recommending that Plaintiff's claim against Defendant Dr. Gary Krisher for deliberate indifference to his legitimate medical needs in violation of the Eighth Amendment be permitted to go forward, and that his other claims be dismissed. Plaintiff filed a response (Doc. 10 at 1) indicating that he will not object to the initial screening.

However, this case has not otherwise proceeded far enough for the Court to be able to accurately judge the complexity of the factual and legal issues involved. Though the Court recognizes that civil procedure and the process of discovery may seem bewildering to the *pro se* litigant, this case simply does not appear to present factual and legal issues of sufficient complexity to warrant the appointment of counsel. It is, on its face, a reasonably straightforward action alleging that Plaintiff's injuries to his left knee and right shoulder make it unsafe for him to climb to a top bunk, but that Dr. Krisher has unreasonably denied him a bottom

2

bunk restriction. The Court therefore declines at this stage to appoint counsel for Plaintiff. However, his motion (Doc. 11) is **DENIED WITHOUT PREJUDICE** to refile at a later point if discovery and the filing of subsequent motions should better demonstrate the complexity of the issues in this litigation.

Plaintiff has also filed a document entitled "Motion for Discovery" (Doc. 12), which states, in its entirety:

> I have been told this is a great game for Ohio. Please be more technical. Please be more precise!
>
> I would hope this is not the case and Ohio will give the information needed of the infirmary and Dr. Gary Krisher G.P. behavior-denials- and treatments they have given or denied the people housed here or Ohio denial of treatments and denials under new budget cuts policies.
>
> Please forgive me if have not asked correctly

(Doc. 12 at 1.) Plaintiff's motion appears to be a request pursuant to Fed. R. Civ. P. 37(a)(1) to compel Defendants Dr. Krisher to respond to certain requests for discovery. However, he has not attached the discovery which he alleges Dr. Krisher has failed to respond to, or provided any other information about what he requested and what response Defendant made. Plaintiff's motion (Doc. 12) is accordingly **DENIED WITHOUT PREJUDICE**. If Plaintiff should have grounds to do so, he may file a new motion under Fed. R. Civ. P. 37(a)(1), following all the requirements of that rule and of S.D. Ohio Civ. R. 37.1, and better describing the discovery dispute which he wishes to have adjudicated.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen

(14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

<u>s/Mark R. Abel</u>  
United States Magistrate Judge