IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rhett G. DePew, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00250 |
| v. | : | Judge Marbley |
| Dr. Gary Krisher, | : | Magistrate Judge Abel |
| Defendant | : | |

## Report and Recommendation

Plaintiff Rhett G. DePew brings this action alleging a violation of his Eighth Amendment rights. Plaintiff alleges that defendant Dr. Gary Krisher was deliberately indifferent to his safety when he refused to give plaintiff a bottom bunk restriction. This matter is before the Magistrate Judge on defendant Dr. Krisher's October 10, 2012 motion for judgment on the pleadings (doc. 25).

<u>Allegations in the Complaint</u>. The complaint alleges that injuries to DePew's left knee and right shoulder make it unsafe for him to climb to a top bunk. Defendant Dr. Krisher has refused to provide him a with bottom bunk restriction.

<u>Arguments of the Parties</u>. Defendant argues that plaintiff's claim should be dismissed as moot because the only relief he seeks is medical treatment, but he is no longer under the care of Dr. Krisher following his transfer to another prison. Defendant also argues that the facts alleged by plaintiff do not support an Eighth Amendment

1

claim against Dr. Krisher because the denial of a medical restriction is simply a disagreement over treatment. At most, the denial of a medical restriction constitutes negligence, which does not rise to the level of a constitutional violation.

Following the filing of this case, plaintiff was transferred from Ross Correctional Institution to the Noble Correctional Institution. Because he is seeking purely injunctive relief, Dr. Krisher can no longer provide such relief, and his claim is moot. Defendant argues that when an inmate files suit against prison officials at the institution of his incarceration based upon their wrongful conduct and seeks declaratory and injunctive relief and that inmate is transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot.

In the alternative, defendant argues that plaintiff's allegations amount to a disagreement between a prisoner and his physician, which is not enough to state an Eighth Amendment claim. Defendant maintains that the Sixth Circuit has held that deprivation of a temporary medical order, even when it results in an injury to an inmate, is, at most, an act of negligence on the part of prison officials. Here, plaintiff does not claim that he suffered any injury or that he has a current medical order restricting him to a lower bunk. He only claims that he previously had such an order, which was temporary.

Although he was told he was transferred from Ross to Noble because his security level was now too low to remain at Ross, plaintiff views his transfer as a punishment because he no longer has an inmate to type his legal papers and he is further away from

2

his home town. He requests either a bottom bunk restriction or a ladder that is solidly attached to the upper bunk. He also seeks treatment for cellulitis. He maintains that he requires medical sleeves, antibiotics, knee and ankle braches, and other medications. The warden has refused to provide him with a copy of his medical records.

Motion for Judgment on the Pleadings.   In ruling on a motion for judgment on the pleadings, the Court accepts all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Id.* This is the same standard applied in deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Id.*

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007));  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th

3

Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555.

Discussion. Because plaintiff has been transferred to a new facility and is no longer under the care of defendant Dr. Krisher, his claim for injunctive relief is MOOT. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)(finding that plaintiff's claims for declaratory and injunctive relief were moot because he was no longer confined to the institution that searched his mail.) Plaintiff's objections to his transfer are not sufficient

4

grounds to support continuation of this lawsuit. Prisoners have no liberty interest in remaining in a particular prison. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Moreover, Ross Correctional Institution houses Security Level 3 prisoners, while Noble Correctional Institution houses Security Level 1 and 2 prisoners. http://www.drc.gov/Public/nci.htm So the explanation given Mr. DePew for his transfers appears to be a reasonable one.

Conclusion. For the reasons stated above, the Magistrate Judge RECOMMENDS that defendant Dr. Krisher's October 10, 2012 motion for judgment on the pleadings (doc. 25) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge
